**IN THE COURT OF APPEALS OF IOWA**

No. 22-1959
Filed March 8, 2023

**IN THE INTEREST OF J.L.,**
**Minor Child,**

**M.L., Father,**
    Appellant,

**K.R., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Jackson County, Kimberly K. Shepherd, District Associate Judge.

A father and mother each appeal the termination of their parental rights.

**AFFIRMED ON BOTH APPEALS.**

Chris Raker of Alliance Law Office, P.C., East Dubuque, Illinois, for appellant father.

Victoria D. Noel of The Noel Law Firm, P.C., Clinton, for appellant mother.

Brenna Bird, Attorney General, and Mackenzie Moran, Assistant Attorney General, for appellee State.

Taryn Rena McCarthy of Clemens, Walters, Conlon, Runde & Hiatt, Dubuque, attorney and guardian ad litem for minor child.

Considered by Tabor, P.J., and Schumacher and Ahlers, JJ.

**SCHUMACHER, Judge.**

A father and mother each appeal the termination of their parental rights. We conclude there is sufficient evidence in the record to support termination of their parental rights. The father has not shown an exception to termination should be applied. Also, the court properly denied the mother's request for an extension of time. We affirm the district court on both appeals.

## I. Background Facts & Proceedings

M.L. is the father[1] and K.R. is the mother of J.L, who was born in early 2022. At the time the child was born, the mother was involved with the Iowa Department of Health and Human Services (DHHS) for an older child, C.R., due to concerns for substance abuse and domestic violence. The mother was not cooperative with services in C.R.'s case. The mother tested positive for amphetamines at the time of J.L.'s birth, and J.L.'s umbilical cord was positive for methamphetamine. The child was removed from the parents' custody. He was placed with a maternal aunt and uncle.[2]

On April 18, 2022, the child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c)(2), (n), and (o) (2022). The parents were inconsistent in attending visitation. Neither parent complied with requests for drug testing. In May, the court found, "The mother has only minimally

---

[1] Despite repeated requests, the father has not participated in a paternity test for the child.

[2] J.L. was placed in the same home as his half-sibling, C.R. The mother's parental rights to C.R. were terminated, and the child was adopted by the maternal aunt and uncle.

engaged in services; the father has attended some interactions with the child but has not engaged in any other services."

On August 30, the State filed a petition seeking termination of the parents' rights. The termination hearing was held on October 22. A DHHS social worker stated the mother had started mental-health counseling and medication management. The father was in the process of completing a mental-health evaluation and had not started counseling. Both parents had substance-abuse evaluations. The mother did not start treatment until shortly before the termination hearing. No drug treatment was recommended for the father based on his self-reporting. The parents did not comply with requests for drug testing. The parents remained inconsistent in attending visitation.

At the hearing, the mother requested more time to work toward reunification. The mother and father were then living with the paternal grandmother and were continuing to work on fixing up a home that was without utilities.[3] The mother stated that if her request for an extension was not granted, she wanted the child placed in a guardianship with the paternal grandmother. The father also asked for more time to work toward reunification. He stated he was willing to place the child in a guardianship with the paternal grandmother; the paternal grandmother testified she was willing to become the child's guardian.

The court terminated the parents' rights under section 232.116(1)(g), (h), and (*l*). The court noted the parents had not complied with any drug tests requested by DHHS. Additionally, the parents did not consistently attend visitation.

---

[3] The father told a caseworker when asked about the status of this home's utilities that "[w]ater and electricity make children lazy."

The court found, "The parents have barely begun to address any of the concerns raised through this case." The court found that the child could not be returned to either the mother or the father at the time of the termination hearing. The court concluded, "The mother and the father are unable to handle the responsibility and needs of this child." The court also determined that termination of the parents' rights was in the child's best interests and that an exception to termination found in section 232.116(3)(a) should not be applied. The father and mother each appeal.

## II.       Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

In general, we follow a three-step analysis in reviewing the termination of a parent's rights. *In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010). We first consider whether there is a statutory ground for termination of the parent's rights under section 232.116(1). *Id.* Second, we look to whether termination of the parent's rights is in the child's best interests. *Id.* (citing Iowa Code § 232.116(2)). Third, we consider whether any of the exceptions to termination in section 232.116(3) should be applied. *Id.*

### III.	Father

**A.**	The father claims there is not sufficient evidence in the record to support termination of his parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435.

We consider the termination of the father's parental rights under section 232.116(1)(h).[4] The father disputes the court's finding that the child could not be returned to him at the present time. We consider whether a child can be returned to the parent at the time of the termination hearing. *In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014). The father was still in the process of obtaining a mental-health evaluation and had not started counseling. He never complied with DHHS requests for drug tests. No effort was made to address the issue of domestic violence. The father was not in a position to have the child returned to

---

[4] Section 232.116(1)(h) provides for termination of parental rights when the court finds:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

his custody.[5] We conclude the father's parental rights were properly terminated under section 232.116(1)(h).

**B.** The father asserts the court should apply the exception to termination found in section 232.116(3)(a), which provides the court may decide to not terminate parental rights if it finds "[a] relative has legal custody of the child."

The exceptions to termination found "in section 232.116(3) are permissive, not mandatory." *In re W.T.*, 967 N.W.2d 315, 324 (Iowa 2021) (citation omitted). "The court may exercise its discretion in deciding whether to apply the factors in section 232.116(3) to save the parent-child relationship based on the unique circumstances of each case and the best interests of the children." *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). The child's best interests remain our first consideration. *In re A.S.*, 906 N.W.2d 467, 475 (Iowa 2018).

The court considered the exception in section 232.116(3)(a) and noted the exception was permissive not mandatory. The court elected to not apply the exception. We determine the challenged section is not applicable as the placement does not have legal custody of the child.[6] Custody of J.L. was with DHHS at the time of the termination hearing, with placement with a relative. We

---

[5] As part of his issue concerning the statutory grounds, the father makes a passing reference that termination is not in the child's best interest, but he does not set out arguments or authority in support of that statement. As such, we consider any best interest argument to be waived. S*ee Midwest Auto. III, LLC v. Iowa Dep't of Transp.*, 646 N.W.2d 417, 431 n.2 (Iowa 2002) (finding perfunctory mention of an issue without elaboration or supporting authority waives the claim).

[6] The father makes a short reference in this section of his argument that a guardianship should be established with the relative. To the extent this argument is asserted, we determine that given that the child was an infant at the time of the termination hearing, guardianship is not an appropriate permanency option. We note, "a guardianship is not a legally preferable alternative to termination." *In re B.T.*, 894 N.W.2d 29, 32 (Iowa Ct. App. 2017).

therefore decline to apply the exception to termination found in section 232.116(3)(a).

### IV.   Mother

**A.**   The mother claims there is not sufficient evidence in the record to support termination of her parental rights.  Like the father, we will focus on the termination of her parental rights under section 232.116(1)(h).  The mother contends the court should have placed the child with her because she was living in a safe environment with the paternal grandmother.  She also points out that she recently began addressing her substance-abuse and mental-health issues.

The mother began treatment for substance abuse just shortly before the termination hearing.  It remains unknown as to whether she will be able to overcome her substance-abuse problems.  The mother tested positive for illegal drugs at the time the child was born and thereafter did not comply with any requests for drug tests.  The mother remained in a relationship with the father, despite concerns about domestic violence.  Social workers stated the mother sometimes had bruises, which she tried to cover with makeup.  She was inconsistent in attending visitation.  We determine the child could not be returned to the mother's custody at the time of the termination hearing.  We conclude the mother's parental rights were properly terminated under section 232.116(1)(h).

**B.**   The mother contends the court should have granted her an extension of time to work toward reunification.  She states the child could be placed in her custody under the supervision of the paternal grandmother or the child could be placed with the paternal grandmother for a reasonable period of time.

A six-month extension of time may be granted under sections 232.104(2)(b) and 232.117(5) if parental rights are not terminated following a termination hearing. *In re D.P.*, No. 21-0884, 2021 WL 3891722, at *2 (Iowa Ct. App. Sept. 1, 2021). An extension of time may be granted if the court "determin[es] that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." *In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa Ct. App. 2005) (quoting Iowa Code § 232.104(2)(b)). "The judge considering [the extension] should however constantly bear in mind that, if the plan fails, all extended time must be subtracted from an already shortened life for the children in a better home." *Id.* (citation omitted).

"To grant an extension, the juvenile court needs evidence to support a finding the parents could properly care for the child[ren] within six months." *In re S.O.*, 967 N.W.2d 198, 210 (Iowa Ct. App. 2021) (citing Iowa Code § 232.104(2)(b)). The court appropriately found,

> The parents have barely begun to address any of the concerns raised through this case. The parents have defied court orders for drug testing and paternity testing, and have failed to cooperate with [DHHS]. In addition to the time given for services in this case, the mother was previously offered services in the sibling case. The mother has repeatedly chosen to ignore the people who have made attempts to provide assistance and services to her.

The evidence shows it is unlikely that the need for removal of the child from the child's home will no longer exist at the end of an additional six-month period. We decline to grant an extension of time for reunification efforts.

**AFFIRMED ON BOTH APPEALS.**